DOOLING, J.
In an action which we will hereafter refer to for convenience as the Rogers action the plaintiffs levied a writ of attachment upon certain real property of the defendants. The plaintiff in the present action, Howard E. Hickey, and the defendant in the present action, Theodore N. Santos, were the sureties on an undertaking given to secure the release of the attachment in the Rogers action. In the Rogers action the plaintiffs secured a judgment against one of the defendants which was affirmed on appeal. On the appeal in the Rogers action an undertaking by way of supersedeas was furnished in which the plaintiff in the present action, Hickey, was one of the sureties. The defendant in the present action, Santos, had no knowledge of the appeal or the furnishing of the supersedeas bond by Hickey and others.
Hickey paid the plaintiffs in the Rogers action after the affirmance of their judgment on appeal $11,142.25 in satisfaction of that judgment. In the present action Hickey sought to recover one-half of this amount from Santos, his cosurety on the undertaking to release the attachment, by way of contribution. The matter was submitted to the court on two written statements of fact from which the court found the facts as herein recited. In its conclusions of law the trial court stated: “A surety on an appeal bond who has paid the judgment has no right to contribution from the surety on the release of the attachment bond when the original surety had no knowledge, nor in any way participated in the proceedings after the time of the trial Court’s judgment.”
This appeal is taken from the judgment in favor of defendant Santos which followed.
The conclusion of the trial court above quoted correctly states the law. The rule is thus stated in 72 Corpus Juris Secundum, Principal and Surety, section 390, page 837: “As between successive sets of sureties on different bonds given in judicial proceedings, those last in time are primarily liable, and those first in time become supplemental sureties for them. The sureties among themselves are liable in the inverse order of their undertakings, and, accordingly, the sureties on prior bonds may seek reimbursement from those on later bonds when compelled to pay the indebtedness; conversely, in such case, a surety on the later bond is not entitled to contribution from another surety whose liability arose on a prior bond . . . and, in a like manner a surety, on a defendant’s redelivery bond in attachment, on payment of the debt, is entitled to exoneration from a surety on a supersedeas bond *420 subsequently furnished by such defendant except where the surety on the redelivery bond has consented to the supersedeas . . To the same effect is Stearns, The Law of Suretyship, Elder’s Revision, 5th edition, section 11.11, page 465, and the California eases are in accord. (King v. Hartford Acc. & Indem. Co., 133 Cal.App. 711, 714-716 [24 P.2d 906] ; Albertsworth v. Glens Falls Indem. Co., 84 Cal.App.2d 816, 820-821 [192 P.2d 66].)
Since as between the parties to this action appellant Hickey’s liability on the supersedeas bond is primary and respondent Santos’ liability on the release of attachment bond is secondary the trial court properly concluded that appellant was not entitled to contribution from respondent.
Appellant argues the ease as if the controlling question was whether the giving of the supersedeas bond releases the sureties on the undertaking to release the attachment. It may be conceded that the sureties on both undertakings are liable to the plaintiffs in the Rogers action, but that does not affect their rights between themselves.
Judgment affirmed.
Kaufman, P. J., and Draper, J., concurred.